UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

ANITA MEADOWS

      Plaintiff,

                               CIVIL ACTION NUMBER

V.

PROGRESSIVE AUTO SALES, LLC.

      Defendant.                     DECEMBER 3, 2009

<u>COMPLAINT</u>

<u>FIRST COUNT:</u>

1. This is an action for a declaratory judgement, an injunction and damages for violations of The Truth in Lending Act, 15 U.S.C. §1601 et seq., and for violation of the of Md. Ann. Code <u>Commercial Law</u> Implied Warranty of Merchantability § 2-314 of the Uniform Commercial Code and for violation of the Md. Ann. Code <u>Commercial Law</u> Consumer Practices Act § 13-105, et seq.

2. Jurisdiction is conferred on this Court by 15 U.S.C. § 1640 (e) and 28 U.S.C. §§ 1331 and 1367.

3. Plaintiff is a resident of city of Aberdeen, Hartford, County, State of Maryland

4. Defendant Progressive Auto Sales, LLC. hereinafter referred to as ("Progressive") has a place of business at 535 S. Philadelphia, Blvd, Aberdeen MD 21001.

5. At all times herein Defendant Progressive in the ordinary course of business

regularly extended consumer credit that was payable in more than four installments.

6.  Progressive is a creditor within the meaning of C.G.S. § 36a-676, et seq and 15 U.S.C. § 1601, et seq. and regulation promulgated thereunder.

7.  On or about May 29, 2009, Plaintiff entered into a consumer credit transaction with Progressive to buy a car for personal, family or household use, to wit: a 2002 Ford Explorer, ("Vehicle").

8.  Progressive failed to provide accurate closed-end disclosures as required by 15 U.S.C. § 1601 et seq., C.G.S. 36a 676 et seq., and the regulations thereunder at or prior to consummation of the transaction.

9.  The disclosures on the retail installment contract were inaccurate in that Progressive failed to provide the disclosures as set forth in 12 C.F.R. § 226.17.

10.  The disclosures on the retail installment contract were inaccurate in that Progressive failed to provide the disclosures as set forth in 12 C.F.R. § 226.18.

11.  Progressive charged Plaintiff, on the Retail Installment Sales Contract ("RISC"), $100 for license and registration which sum was inaccurate.

12. Progressive charged Plaintiff, on the RISC, for Optional Gap insurance when Progressive did not provide GAP Insurance or sign for.

13.  Progressive charged Plaintiff, on the RISC, for a GPS system which Plaintiff did not order.

14.  Progress charged Plaintiff, on the RISC, $50 for official fees paid to Government Agencies which sum was inaccurate.

15. Progressive charged Plaintiff on the RISC, $15 for a security interest, recording fee, which sum was inaccurate.

16. Progressive charged Plaintiff, on the RISC, $1097 for a service contract without disclosing what sum was paid to third parties.

17. Progressive charged Plaintiff, on the RISC, $1097 for a service contract that was cancelled by the provider because Progressive did not pay the service provider.

18. Progressive did not disclose the correct Annual Percentage Rate.

19. Progressive did not disclose the correct Finance Charge.

20. Progressive required Plaintiff to make semi-monthly payments notwithstanding that the RISC calls for monthly payments.

21. Progressive has caused Plaintiff to be overcharged on sales tax.

22. Plaintiff has suffered and will suffer severe monetary loss and inconvenience as a result of Progressive's actions.

SECOND COUNT:

23. The allegations of paragraph no. 7 of the First Count are repeated as if fully set forth herein.

24. On or about June 9, 2009, Progressive informed Plaintiff that it could not deliver the Vehicle that day because it required replacement wheel bearings.

25. On or about June 12, 2009, Progressive informed Plaintiff that the Vehicle required an entire hub assembly because the unit had melted.

26. On or about June 15, 2009, Plaintiff informed Progressive, after taking delivery

that the Vehicle was emitting a loud noise and it was shaking. Progressive informed Plaintiff to drive the Vehicle for a few days and the symptoms would disappear.

27.  On or about July 6, 2009, returned the Vehicle to Progressive and informed them that it had a strong vibration in the Vehicle.

28.  On or about October 3, 2009, the Vehicle again was returned to Progressive due a shaking in the Vehicle.

29.  On or about November 18, 2009, the Vehicle again was returned to Progressive due to a shaking in the Vehicle.

30.  On or about November 27, 2009, the Vehicle again was returned to Progressive and the service representative said that the wheel bearing should be replaced.

31.  On or November 27, 2009, Plaintiff took the Vehicle to another repair shop for an opinion on the Vehicle and was informed that the left rear hub is worn and requires a hub-bearing and ball joints.

32. Plaintiff has been damaged by Progressive's actions or inactions.

THIRD COUNT:

33. The allegations of paragraph no. 7 of the First Count are repeated as if fully set forth herein.

34.  Progressive is a "merchant" within the meaning of the Maryland Consumer Protection Act, Commercial Law, § 13-101 (g)d and is subject to all of the Consumer Protection Act's provision prohibiting unfair and deceptive trade practices including those in Md. Code Ann. Commercial Law § 13-301 and § 13-303.

35. Progressive has committed one or more unfair or deceptive acts or practices in violation of the Maryland Consumer Protection Act, Commercial Law § 13-101 including, but not limited to failing to disclose to Plaintiff accurate financial terms of the transaction and failing to repair Plaintiff's Vehicle after it undertook to handle the repairs.

WHEREFORE, it is respectfully prayed that this Court:

1. Award Plaintiff's statutory damages, actual damages, and costs and a reasonable attorney's fee on Count I.

2. Award Plaintiff actual damage, compensatory damages costs and attorney fees on Count II.

3. Award Plaintiff actual damages, compensatory damages and attorney's fees for violation of the Maryland Consumer Protection Act on Count II.

4. Award such other or further relief, as the Court deems just or equitable including the return of the auto.

THE PLAINTIFF

BY _____

Bernard T. Kennedy
P.O. Box 657
Edgewater, MD 21037
Tel. (443) 607-8901
Fax (443) 607-8903
Fed Bar # MD 26843
bernardtkennedy@yahoo.com